IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VICKIE L. WALLACE, :

        Plaintiff, : Case No. 3:08cv405

  vs. : JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY, :

        Defendant. :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #15) IN THEIR ENTIRETY; PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #16) OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANT COMMISSIONER AND AGAINST PLAINTIFF, AFFIRMING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT; TERMINATION ENTRY

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On December 1, 2009, the United States Magistrate Judge filed a Report and Recommendations (Doc. #15), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be affirmed. Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and

Recommendations (Doc. #15), the Defendant's Memorandum (Doc. #12) in opposition to the Plaintiff's Statement of Specific Errors (Doc. #10), and the Hearing Decision of Administrative Law Judge James I. K. Knapp, dated December 22, 2006, Tr. 22-45, as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (filed with Defendant's Answer at Doc. #6), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Defendant Commissioner and against the Plaintiff, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was supported by substantial evidence. The Plaintiff's Objections to said judicial filing (Doc. #16) are overruled. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act is affirmed.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings

of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established… [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury."

LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. Given that Plaintiff did not challenge the Administrative Law Judge's findings with regard to her alleged exertional impairments, the Court, as did the Magistrate Judge, will focus its review on Plaintiff's alleged mental impairments.

2. On page 21 of his Hearing Decision, Administrative Law Judge Knapp stated:

> "…Claimant has continued the pattern of no-shows, non-compliance and other irresponsible behavior noted by the Medical Expert in her hearing testimony. Dr. Halley's conclusions of disability due to non-substance abuse related mental impairment are not supported [by proportionate objective findings in the record, and it is contradicted by other substantial evidence in the record, the opinion of the MA Dr. Buban and the treatment records from TCN. …Dr. Halley's opinion lacked sufficient supportability and consistency.] He does not have a good understanding of claimant's longitudinal history even as of April, 2005, based on his staff's treatment records. His opinion thus lacks supportability and consistency…greater weight is given to the opinion of Dr. Buban who had the opportunity to review the major portion of the longitudinal medical record, both physical and mental…"

The Administrative Law Judge's conclusion, set forth above, is supported by substantial evidence in the record.

3. This Court concludes that the Administrative Law Judge thoroughly analyzed the post-hearing evidence submitted by the Plaintiff. Tr. 36-41. His conclusion that said documents would not have supported the diagnoses and opinion as to disability by Plaintiff's treating psychiatrist, Dr. Franklin Halley, M.D., is amply borne out by substantial evidence.

4. While it may well have been preferrable, in the interest of completeness, for Dr. Mary Eileen Bubin, Psy.D., to have had exhibits 38F-40F before her when rendering her opinion, given that these exhibits would not have lent

either internal consistency to the evidence submitted by Dr. Halley, with other evidence submitted by Plaintiff and with other substantial evidence in the record, a remand to allow said Medical Adviser to review the "missing exhibits" is not warranted.

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #15) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was supported by substantial evidence. Plaintiff's Objections to said judicial filing (Doc. #16) are overruled. Judgment will be ordered entered in favor of the Defendant Commissioner and against Plaintiff herein, affirming the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 22, 2010
\_\_/s/ Walter Herbert Rice_____
WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Gary M. Blumenthal, Esq.
John J. Stark, Esq.
Shefali Baltz, Esq.
Kimberly Cromer, Esq.